# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| STATE OF RHODE ISLAND, RHODE ISLAND DEPARTMENT OF EDUCATION, | ) CA No.: 1:25-cv-00466-MSM-PAS |
| and | ) |
| PROVIDENCE, RHODE ISLAND, PUBLIC SCHOOL DISTRICT, | ) |
| Defendants. | ) |

## RHODE ISLAND DEPARTMENT OF EDUCATION'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant Rhode Island Department of Education ("RIDE") and hereby answers Plaintiff's Complaint as follows:

## INTRODUCTION

This is a preliminary statement that includes conclusions of law and legal characterizations to which no response is necessary. To the extent facts are alleged as to RIDE, denied.

## JURISDICTION AND VENUE

1. Paragraph 1 is a jurisdictional statement to which no response is required. To the extent a response is required, admitted that this Court has jurisdiction over this action pursuant to 42 U.S.C. § 1345. To the extent a response to the remaining allegations is required, denied.

2. Paragraph 2 is a statement as to venue to which no response is required. To the extent a response is required, admitted that venue in this Court is proper.

## PARTIES

3. Paragraph 3 asserts a legal conclusion to which no response is required. To the extent a response to allegations is required, denied.

4. Admitted.

5. Paragraph 5 asserts a legal conclusion to which no response is necessary. To the extent a response to allegations is required, denied.

6. Admitted.

7. Paragraph 7 asserts a legal conclusion to which no response is necessary. To the extent facts are alleged against RIDE, they are denied.

## FACTS

8. Admitted.

9. Admitted.

10. Admitted that, under the Order, RIDE's Commissioner assumed control of the Providence Public School District ("PPSD") budget, programming, and personnel, as specified in the 2019 Order. Any and all remaining allegations or characterizations of facts are denied.

11. Admitted.

12. Admitted that RIDE, PPSD, and the Rhode Island Foundation ("RIF") entered into a Memorandum of Agreement ("MOA") on or around April 15, 2021. The MOA and its contents speak for themselves. To the extent a further response is required, admitted that the quoted language can be found in the MOA but must be read in context of the full MOA and its non-discriminatory objective of achieving an educational environment where all students feel welcome and learn best. Further answering, RIDE responds that the program as described in Paragraph 12 is no longer in effect.

13. Admitted that RIDE, PPSD, and RIF entered into an MOA on or around April 15, 2021. The MOA and its contents speak for themselves. To the extent a further response is required, admitted that the MOA established a loan repayment program intended to achieve an educational environment where all students feel welcome and learn best. Further answering, RIDE responds that the program as described in Paragraph 13 is no longer in effect.

14. The MOA and its contents speak for themselves. To the extent a further response is required, admitted that pursuant to the MOA, RIF was to "raise funds of at least $3,175,000 ('Grant Funds') pledged over at least five years from various donors on behalf of supporting a student loan repayment program" to achieve an educational environment where all students feel welcome and learn best, including through the recruitment and retention of more qualified teachers of color to the district. Further answering, RIDE responds that the program as described in Paragraph 14 is no longer in effect.

15. The MOA and its contents speak for themselves. To the extent a further response is required, admitted. Further answering, RIDE responds that the program as described Paragraph 15 is no longer in effect.

16. The MOA and its contents speak for themselves. To the extent a further response is required, RIDE responds that the MOA must be read in full and in the context of its non-discriminatory objective of achieving an educational environment where all students feel welcome and learn best, including through the recruitment and retention of more qualified teachers of color in the district. Further answering, RIDE responds that the program as described in Paragraph 16 is no longer in effect.

17. The MOA and its contents speak for themselves. To the extent a further response is required, RIDE responds that the MOA but must be read in full and in the context of its non-discriminatory objective of achieving an educational environment where all students feel welcome and learn best, including through the recruitment and retention of more qualified teachers of color in the district. Further answering, RIDE responds that the program as described in Paragraph 17 is no longer in effect.

18. The MOA and its contents speak for themselves. To the extent a further response is required, admitted that, under the terms of the MOA, "Grant Funds may be used as an incentive to encourage teachers of color to teach in the District," and that RIDE's aim in entering into the MOA was to promote an educational environment where all students feel welcome and learn best, including through the recruitment and retention of more qualified teachers of color in the district. Further answering, RIDE responds that the program as described in Paragraph 18 is no longer in effect. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 as to PPSD, and on that basis denies.

19. The MOA and its contents speak for themselves. To the extent a further response is required, admitted. Further answering, RIDE responds that the program described in Paragraph 19 is no longer in effect.

5

20. The MOA and its contents speak for themselves. To the extent a further response is required, admitted. Further answering, RIDE responds that the program as described in Paragraph 20 is no longer in effect.

21. The MOA and its contents speak for themselves. Further answering, RIDE responds that the program as described in paragraph 21 is no longer in effect.

22. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 as to PPSD, and on that basis denies.

23. Admitted that a minimum of $5,000 in student loans was one criterion for eligibility under the MOA, and that the MOA stated that "Grant Funds will be available for new teachers of color to the District." Further answering, RIDE responds that the program described in Paragraph 23 is no longer in effect.

24. Admitted that pursuant to the MOA, the loan repayment program, funded by RIF, was intended to serve the non-discriminatory objective of achieving an educational environment where all students feel welcome and learn best, including through the recruitment and retention of more qualified teachers of color in the district. All remaining allegations and characterizations of facts inconsistent with this purpose are denied. Further answering, RIDE responds that the program as described in Paragraph 24 is no longer in effect.

25. The MOA and its contents speak for themselves. To the extent a further response is required, admitted. Further answering, RIDE responds that the program as described in Paragraph 25 is no longer in effect.

26. The MOA and its contents speak for themselves. To the extent a further response is required, admitted that participants received up to $6,000 in student loan repayments after the completion of one year of teaching in PPSD, up to $8,500 after the completion of two years of teaching in PPSD, and up to $10,500 after the completion of three years of teaching in PPSD. Further answering, RIDE responds that the program as described in Paragraph 26 is no longer in effect.

27. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 as to PPSD, and on that basis denies. Further answering, RIDE responds that the program as described in Paragraph 27 is no longer in effect.

28. The Application and its contents speak for themselves. To the extent a further response is required, RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 as to PPSD, and on that basis denies. Further answering, RIDE responds that the program as described in Paragraph 28 is no longer in effect.

29. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 as to PPSD, and on that basis denies.

30. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 as to PPSD, and on that basis denies.

31. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 as to PPSD, and on that basis denies.

32. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 as to PPSD, and on that basis denies.

33. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 as to PPSD, and on that basis denies.

34. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 as to PPSD, and on that basis denies.

35. RIDE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 as to PPSD, and on that basis denies.

## CLAIM – SECTION 707 OF TITLE VII

36. RIDE hereby repeats and incorporates by reference its answers to Paragraphs 1 through 35 of Plaintiff's Complaint, as if fully set forth herein.

37. Denied.

38. Admitted that the United States Department of Justice (the "DOJ") investigated RIDE and PPSD in connection with the loan repayment program, and that the DOJ notified RIDE and PPSD of its determination that the program was unlawful. The remaining allegations contained in Paragraph 38 are denied.

39. Denied.

40. Denied.

**WHEREFORE**, RIDE prays that Plaintiff's Complaint be denied and dismissed, that judgment enter for RIDE, and that RIDE be awarded the costs and fees it has expended, plus whatever additional relief is just and proper.

**RIDE HEREBY DEMANDS A TRIAL BY JURY
ON ALL COUNTS AND CLAIMS SO TRIABLE.**

Respectfully submitted,

**RHODE ISLAND DEPARTMENT OF EDUCATION**,

By Its Attorneys:

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Natalya A. Buckler*
**NATALYA A. BUCKLER** (Bar. No. 8415)
**ASSISTANT ATTORNEY GENERAL**
*/s/ James J. Arguin*
**JAMES J. ARGUIN (#10972)**
**SPECIAL ASSISTANT ATTORNEY GENERAL**
**OFFICE OF THE ATTORNEY GENERAL**
150 South Main Street, Providence, RI 02903
Tel: (401) 274-4400, ext. 2022 | 2078
Fax: (401) 222-2995
nbuckler@riag.ri.gov
jarguin@riag.ri.gov

## **AFFIRMATIVE DEFENSES**

RIDE hereby asserts the following affirmative defenses in response to Plaintiff's Complaint:

1. The Plaintiff fails to state a claim for which relief may be granted.

2. The Plaintiff fails to allege facts sufficient to show that it is entitled to recover any damages from RIDE.

3. The Plaintiff's allegations are moot in whole or in part.

4. The Plaintiff lacks standing to bring its allegations.

5. The Plaintiff lacks standing to seek injunctive relief.

6. RIDE acted reasonably and in good faith and has not violated any established right under the Constitution or laws of the United States or any political subdivision or any act of Congress providing for the protection of civil rights.

7. RIDE acted in the lawful exercise of its discretion and as a result it is entitled to governmental immunity.

8. RIDE, by and through its employees, was at all times acting within the scope of its authority, in good faith, in the exercise of its discretion and in the performance of a governmental function.

9. At all times material hereto, RIDE was in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

10. RIDE exercised reasonable care to prevent and to promptly correct any alleged wrongful behavior, if any existed.

11. All actions taken by RIDE were taken for legitimate, reasonable, constitutional, and non-discriminatory reasons.

12. RIDE enjoys the benefit of the State's status as sovereign, together with all privileges and immunities which inure to said sovereign status.

13. RIDE is not vicariously liable for any alleged misconduct, including any allegation of intentional discrimination.

14. To the extent that RIDE is not otherwise immune from liability, which liability is expressly denied, any claims by Plaintiff of prejudgment interest, post-judgment interest, and/or costs are barred by sovereign immunity pursuant to statutory and common law.

15. To the extent that RIDE is not otherwise immune from liability, which liability is expressly denied, and is liable for damages, the monetary limitations on damages set forth in State law should apply to RIDE.

16. The Plaintiff's damages are difficult to ascertain or are speculative.

17. The Plaintiff's damages are not attributable to RIDE's conduct.

18. The alleged acts or omissions of RIDE were not a conscious disregard of Plaintiff's rights, were not intentional and willful, and were not in violation of State or federal law.

19. The Plaintiff is not entitled to punitive damages or attorney's fees.

20. RIDE had no notice of the alleged injurious acts or practices, if in fact any such acts or practices even occurred, and thus had no responsibility to rectify same.

21. The Plaintiff's damages, if there were any, were caused by their own actions or omissions, or the actions or omissions of third parties.

22. Any interference by RIDE, which is denied, was not negligent, intentional, purposeful, and/or wrongful.

23. Any interference by RIDE, which is denied, did not cause economic or other harm to Plaintiff.

24. The Plaintiff's allegations are barred by the doctrine of unclean hands.

25. The Plaintiff ratified RIDE's alleged actions.

26. RIDE at all times acted reasonably and in good faith relied on Plaintiff's representations to RIDE and approval of RIDE's alleged actions.

27. RIDE at all times acted reasonably and in good faith relied on Equal Employment Opportunity Commission's interpretations and opinions.

28. The Plaintiff failed to meet the procedural requirements for bringing its allegations, including attempts at conciliation.

29. The Plaintiff's allegations are barred by the doctrine of equitable estoppel.

30. The Plaintiff's allegations are barred by the doctrine of promissory estoppel.

31. The Plaintiff's allegations are barred by the doctrine of judicial estoppel.

32. Should RIDE be held liable for any alleged actions, it is entitled to contribution and/or indemnification.

33. Should RIDE be held liable for any alleged actions, equity demands that any award be limited to the duration and funding specified in the MOA.

34. RIDE reserves the right to assert such other and further defenses not specifically asserted herein.

**WHEREFORE**, RIDE prays that Plaintiff's Complaint be denied and dismissed, that judgment enter for the RIDE, and that RIDE be awarded the costs and fees it has expended, plus whatever additional relief is just and proper.

**RIDE HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS AND CLAIMS SO TRIABLE.**

Respectfully submitted,

**RHODE ISLAND DEPARTMENT OF EDUCATION**,

By Its Attorneys:

**PETER F. NERONHA
ATTORNEY GENERAL**

*/s/ Natalya A. Buckler*
**NATALYA A. BUCKLER** (Bar. No. 8415)
**ASSISTANT ATTORNEY GENERAL**
*/s/ James J. Arguin*
**JAMES J. ARGUIN (#10972)**
**SPECIAL ASSISTANT ATTORNEY GENERAL**
**OFFICE OF THE ATTORNEY GENERAL**
150 South Main Street, Providence, RI 02903
Tel: (401) 274-4400, ext. 2022 | 2078
Fax: (401) 222-2995
nbuckler@riag.ri.gov
jarguin@riag.ri.gov

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that on the 16th day of January, 2026, I electronically filed and served the within document through the ECF filing system. The document is available for viewing and/or downloading from the ECF System.

                                                    */s/ Natalya A. Buckler*