## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF RHODE ISLAND, | ) | CA No.: 1:25-cv-00466-MSM-PAS |
| RHODE ISLAND DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PROVIDENCE, RHODE ISLAND, | ) | |
| PUBLIC SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendants. | | |

## PROVIDENCE PUBLIC SCHOOL DISTRICT'S
## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant Providence Public School District (hereinafter "PPSD") and hereby answers Plaintiff's Complaint as follows:

### I.    Introduction.

Plaintiff's Complaint contains a preliminary statement that includes conclusions of law and legal characterizations to which no response is necessary. To the extent facts are alleged as to PPSD, those facts are denied.

### II.    Jurisdiction and Venue.

1) Paragraph 1 is a jurisdictional statement to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this action pursuant to 42 U.S.C. § 1345. To the extent a response to the remaining allegations is required, denied.

2) Paragraph 2 is a statement as to venue to which no response is required. To the extent a response is required, admitted that venue in this Court is proper.

3) Paragraph 3 asserts a legal conclusion to which no response is required. To the extent a response to allegations is required, denied.

4) Defendant admits the allegation contained in Paragraph 4 of Plaintiff's Complaint.

5) Paragraph 5 asserts a legal conclusion to which no response is necessary. To the extent a response to allegations is required, denied.

6) Defendant admits to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7) Paragraph 7 asserts a legal conclusion to which no response is necessary. To the extent facts are alleged against PPSD, they are denied.

8) Defendant admits to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9) Defendant admits to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10) Defendant admits only that under the Order, RIDE's Commissioner assumed control of the Providence Public School District ("PPSD") budget, programming, and personnel, as specified in the Order. Any and all remaining allegations or characterizations of facts are denied.

11) Defendant admits to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12) Defendant admits only that RIDE, PPSD, and the Rhode Island Foundation ("RIF") entered into a Memorandum of Agreement ("MOA") on or around April 15, 2021. The MOA and its contents speak for themselves. To the extent a further response is required, Defendant admits that the quoted language can be found in the MOA but must be read in context of the full MOA and its underlying non-discriminatory objective of achieving an educational environment more reflective of the community it serves. Defendant further asserts that the program as described in Paragraph 12 is no longer in effect.

13) Defendant admits that RIDE, PPSD, and RIF entered into an MOA on or around April 15, 2021. The MOA and its contents speak for themselves. To the extent a further response is required, PPSD admits that the MOA established a loan repayment program intended to achieve an educational environment more reflective of the community it serves. Defendant further asserts that the program as described in Paragraph 13 is no longer in effect.  The website cited in Footnote

1 speaks for itself and thus no response is required. To the extent a response is required, denied.

14) The MOA and its contents speak for themselves. To the extent a further response is required, Defendant admits that pursuant to the MOA, RIF was to "raise funds of at least $3,175,000 ("Grant Funds") pledged over at least five years from various donors on behalf of supporting a student loan repayment over three years to achieve an educational environment more reflective of the community it serves through the recruitment and retention of more qualified teachers of color to the district. Defendant further asserts that the program as described in Paragraph 14 is no longer in effect.

15) The MOA and its contents speak for themselves. To the extent a further response is required, admitted. Further answering, PPSD responds that the program as described in Paragraph 15 is no longer in effect.

16) The MOA and its contents speak for themselves. To the extent a further response is required, Defendant states that the MOA must be read in full and in the context of its underlying non-discriminatory objective of achieving an educational environment more reflective of the community it serves, including through the recruitment and retention of more qualified teachers of color in the district. Defendant further asserts that the program as described in Paragraph 16 is no longer in effect.

17) The MOA and its contents speak for themselves. To the extent a further response is required, Defendant states that the MOA must be read in full and in the context of its underlying non-discriminatory objective of achieving an educational environment more reflective of the community it serves, including through the recruitment and retention of more qualified teachers of color in the district. Defendant further answers that the program as described in Paragraph 17 is no longer in effect.

18) The MOA and its contents speak for themselves. To the extent a further response is required, admitted that PPSD's aim in entering into the MOA was to promote an educational environment more reflective of the community it serves, including through the recruitment and retention of more qualified teachers of color in the district. Further answering, Defendant states that the program as described in Paragraph18 is no longer in effect. PPSD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 as to PPSD, and on that basis denies the allegations as to PPSD. The report cited in Footnote 2 speaks for itself and thus no response is required. To the extent a response is required, denied.

19) The MOA and its contents speak for themselves. To the extent a further response is required Defendant admits the truth of the allegations contained in Paragraph 19 but states that the program described in Paragraph 19 is no longer in effect.

20) The MOA and its contents speak for themselves. To the extent a further response is required Defendant admits to the truth of the allegations in Paragraph 20 but further states that the program as described in Paragraph 20 is no longer in effect.

21) The MOA and its contents speak for themselves. To the extent a further response is required, Defendant admits that the MOA states that, in instances when "the number of eligible applicants is beyond the level of support available . . . preference [was] given for individuals who identify as Black." However, the MOA must be read in full and in the context of its underlying non-discriminatory objective of achieving an educational environment more reflective of the community it serves, including through the recruitment and retention of more qualified teachers of color in the district. Further answering, PPSD responds that the program as described in Paragraph 21 is no longer in effect.

22) Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23) Defendant admits only that new teachers of color with a minimum of $5,000 in student loans were eligible for the program under the MOA. Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint and further responds that the program described in Paragraph 23 is no longer in effect.

24) Defendant admits only that pursuant to the MOA, the loan repayment program, funded by RIF, was intended to serve the non-discriminatory objective of achieving an educational environment more reflective of the community it serves, including through the recruitment and retention of more qualified teachers of color in the district. Defendant denies all remaining allegations and characterizations of facts inconsistent with this purpose are denied and further responds that the program as described in Paragraph 24 is no longer in effect.

25) The MOA and its contents speak for themselves. To the extent a further response is required, Defendant admits to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and further responds that the program as described in Paragraph 25 is no longer in effect.

26) The MOA and its contents speak for themselves. To the extent a further response is required, Defendant admits that participants received up to $6,000 in student loan repayments after the completion of one year of teaching in PPSD, up to $8,500 after the completion of two years of teaching in PPSD, and up to $10,500 after the

completion of three years of teaching in PPSD and further responds that the program as described in Paragraph 26 is no longer in effect.

27) Defendant admits to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and further responds that the program as described in Paragraph 27 is no longer in effect.

28) The Application and its contents speak for themselves. To the extent a further response is required, admitted. Further answering, PPSD responds that the program as described in Paragraph 28 is no longer in effect.

29) Defendant admits to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and further responds that the program as described in Paragraph 29 is no longer in effect.

30) Defendant admits to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and further responds that the program as described in Paragraph 30 is no longer in effect.

31) Defendant admits to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and further responds that the program as described in Paragraph 31 is no longer in effect.

32) Defendant admits to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and further responds that the program as described in Paragraph 32 is no longer in effect.

33) Defendant admits to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and further responds that the program as described in Paragraph 33 is no longer in effect.

34) Defendant admits to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and further responds that the program as described in Paragraph 34 is no longer in effect.

35) Defendant admits to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and further responds that the program as described in Paragraph 35 is no longer in effect.

### III.    Section 707 – Title VII.

36) Defendant hereby repeats and incorporates by reference its answers to Paragraphs 1 through 35 of Plaintiff's Complaint, as if fully set forth herein.

37) Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38) Admitted that the United States Department of Justice (the "DOJ") investigated RIDE and PPSD in connection with the loan repayment program, and that the DOJ notified RIDE and PPSD of its determination that the program was unlawful. The remaining allegations contained in Paragraph 38 are denied.

39) Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40) Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

**WHEREFORE**, PPSD prays that Plaintiff's Complaint be denied and dismissed, that judgment enter for PPSD, and that PPSD be awarded the costs and fees it has expended, plus whatever additional relief is just and proper.

**PPSD HEREBY DEMANDS A TRIAL BY JURY
ON ALL COUNTS AND CLAIMS SO TRIABLE.**

## AFFIRMATIVE DEFENSES

PPSD hereby asserts the following affirmative defenses in response to Plaintiff's Complaint:

1.  The Plaintiff fails to state a claim for which relief may be granted.

2.  The Plaintiff fails to allege facts sufficient to show that it is entitled to recover any damages from PPSD.

3.  The Plaintiff's allegations are moot in whole or in part.

4.  The Plaintiff lacks standing to bring its allegations.

5.  The Plaintiff lacks standing to seek injunctive relief.

6.  PPSD acted reasonably and in good faith and has not violated any established right under the Constitution or laws of the United States or any political subdivision or any act of Congress providing for the protection of civil rights.

7.  PPSD acted in the lawful exercise of its discretion and as a result it is entitled to governmental immunity.

8.  PPSD, by and through their employees, was at all times acting within the scope of its authority, in good faith, in the exercise of its discretion and in the performance of a governmental function.

9.  At all times material hereto, PPSD was in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

10. PPSD exercised reasonable care to prevent and to promptly correct any alleged wrongful behavior, if any existed.

11.　All actions taken by PPSD were taken for legitimate, reasonable, constitutional, and non-discriminatory reasons.

12.　PPSD enjoys the benefit of the State's status as sovereign, together with all privileges and immunities which inure to said sovereign status.

13.　PPSD is not vicariously liable for any alleged misconduct, including any allegation of intentional discrimination.

14.　To the extent that PPSD is not otherwise immune from liability, which liability is expressly denied, any claims by Plaintiff of prejudgment interest, post-judgment interest, and/or costs are barred by sovereign immunity pursuant to statutory and common law.

15.　To the extent that PPSD is not otherwise immune from liability, which liability is expressly denied, and is liable for damages, the monetary limitations on damages set forth in State law should apply to PPSD.

16.　The Plaintiff's damages are difficult to ascertain or are speculative.

17.　The Plaintiff's damages are not attributable to PPSD's conduct.

18.　The alleged acts or omissions of PPSD were not a conscious disregard of Plaintiff's rights, were not intentional and willful, and were not in violation of State or federal law.

19.　The Plaintiff is not entitled to punitive damages or attorney's fees.

20.　PPSD had no notice of the alleged injurious acts or practices, if in fact any such acts or practices even occurred, and thus had no responsibility to rectify same.

21. The Plaintiff's damages, if there were any, were caused by their own actions or omissions, or the actions or omissions of third parties.

22. Any interference by PPSD, which is denied, was not negligent, intentional, purposeful, and/or wrongful.

23. Any interference by PPSD, which is denied, did not cause economic or other harm to Plaintiff.

24. The Plaintiff's allegations are barred by the doctrine of unclean hands.

25. The Plaintiff ratified PPSD's alleged actions.

26. PPSD at all times acted reasonably and in good faith relied on Plaintiff's representations to PPSD and approval of PPSD's alleged actions.

27. PPSD at all times acted reasonably and in good faith relied on Equal Employment Opportunity Commission's interpretations and opinions.

28. The Plaintiff failed to meet the procedural requirements for bringing its allegations, including attempts at conciliation.

29. The Plaintiff's allegations are barred by the doctrine of equitable estoppel.

30. The Plaintiff's allegations are barred by the doctrine of promissory estoppel.

31. The Plaintiff's allegations are barred by the doctrine of judicial estoppel.

32. Should PPSD be held liable for any alleged actions, it is entitled to contribution and/or indemnification.

33. Should PPSD be held liable for any alleged actions, equity demands that any award be limited to the duration and funding specified in the MOA.

34. PPSD reserves the right to assert such other and further defenses not specifically asserted herein.

Respectfully submitted,

**DEFENDANT,**

**PROVIDENCE PUBLIC SCHOOL DISTRICT**,

By Its Attorneys:

*/s/ Deidre E.  Carreno*
**DEIDRE E. CARRENO (#7810)**
Henneous Carroll Lombardo, LLC
One Citizens Plaza, Suite 1010
Providence, RI 02903
(401) 424-5224
dcarreno@hcllawri.com


*/s/ Charles A. Ruggerio*
**CHARLES A. RUGGERIO (#7620)**
Henneous Carroll Lombardo, LLC
One Citizens Plaza, Suite 1010
Providence, RI 02903
(401) 424-5224
cruggerio@hcllawri.com

Dated: January 16, 2026

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 16th day of January, 2026, I electronically filed and served the within document through the ECF filing system. The document is available for viewing and/or downloading from the ECF System.

James J. Arguin, Esquire
jarguin@riag.ri.gov

Natalya A. Buckler, Esquire
nbuckler@riag.ri.gov

Robert L. Galbreath, Esquire
Robert.Galbreath@usdoj.gov


*/s/ Deidre Carreno*

11