UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**STATE OF RHODE ISLAND,** )<br>**RHODE ISLAND DEPARTMENT OF** )<br>**EDUCATION,** )<br>)<br>and )<br>)<br>**PROVIDENCE, RHODE ISLAND,** )<br>**PUBLIC SCHOOL DISTRICT** )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 25-cv-466-MSM-PAS |

## UNITED STATES' RULE 16 STATEMENT

Plaintiff United States of America (United States) respectfully submits this statement pursuant to Local Rule 16 enumerating the elements that must be proved to sustain its claims in this matter.

1. The United States brought this action against the Rhode Island Department of Education (RIDE) and the Providence, Rhode Island, Public School District (PPSD) (together, Defendants) for engaging in a pattern or practice of discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII). *See* 42. U.S.C. § 2000e-6(a).

2. Defendants entered into a written Memorandum of Agreement, dated April 15, 2021, (MOA) with the Rhode Island Foundation (RIF), a private organization. Pursuant to the explicit written terms of the MOA, Defendants established and implemented a student loan

repayment program open only to "new teachers of color" at PPSD. The MOA defines "teachers of color" as those who "identify as Black, Hispanic, Asian, American Indian, and/or 2 or more races." Program advertising materials (e.g., on PPSD's website and promotional flyers) and application forms included the qualification limiting eligibility based on the above racial identities. Only non-white applicants have been awarded student loan repayment pursuant to Defendants' program since it began in 2021.

3.  The United States alleges that Defendants, by offering and providing a student loan repayment program to "teachers of color" while excluding those who do not identify as such, discriminated against PPSD teachers in the terms, conditions, and privileges of their employment because of their race, and limited, segregated, or classified them in a way that adversely affected their employment opportunities and status because of their race. *See* 42 U.S.C. § 2000e2(a)(1)-(2). The United States may prove its claim by "proferr[ing] direct evidence of discrimination," and need not resort to the three-step burden-shifting scheme outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Theidon v. Harvard University*, 948 F.3d 477, 495 (1st Cir. 2020); *see also United States v. Gregory*, 871 F.2d 1239, 1243 (4th Cir. 1989) (where admissions of discriminatory behavior are credited, the Title VII violation has been proven), *cert. denied*, 493 U.S. 1020 (1990); *United States v. Bd. of Educ. for Sch. Dist. of Phil.*, 911 F.2d 882, 892 (3d Cir. 1990) (where the allegedly discriminatory policy is openly declared, then proof that the policy was actually being followed consistently is not necessary in order to obtain an injunction against subsequent implementation). This Court applies the "direct proof" standard to claims under both 42 U.S.C. § 2000e-2(a)(1) & (2). *See Carvalho v. Santander Bank, N.A.*, 573 F. Supp. 3d 632, 639 (D.R.I. 2021); *Harris v. City of Providence*, 588 F. Supp. 3d 211, 215 (D.R.I. 2022). Defendants'

bald racial condition for eligibility in the loan repayment program and its implementation constitute direct proof of Defendants' violation of Title VII.

4. The United States has not yet received documents from Defendants in this matter and anticipates it will seek fact discovery through both document collection and deposition testimony. The United States does not anticipate seeking expert discovery at this time but may reevaluate this position as fact discovery proceeds.

5. The United States seeks an award of equitable relief to new PPSD teachers who were not eligible for Defendants' student loan repayment program because of their race and is open to discussions regarding settlement with Defendants to resolve the case. The United States anticipates filing for summary judgment in this case should it not resolve through settlement.

DATED: February 6, 2026

Respectfully submitted,

JEFFREY MORRISON
Acting Chief
Employment Litigation Section
Civil Rights Division

*/s/ Robert L. Galbreath*
ROBERT L. GALBREATH (DC Bar No. 460389)
Trial Attorney & Lead Counsel
ALLEN HUANG (CA Bar No. 309123)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, NE
Washington, DC 20002
Telephone: (202) 532-5157
Facsimile: (202) 514-1005
Robert.Galbreath@usdoj.gov

*Counsel for Plaintiff United States*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on February 6, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system which will automatically send a notice to all counsel of record.

                              */s/ Allen L. Huang*
                              Allen L. Huang (CA Bar No. 309123)
                              *Attorney for Plaintiff United States*