**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF RHODE ISLAND, RHODE ISLAND DEPARTMENT OF EDUCATION,**<br><br>**and**<br><br>**PROVIDENCE, RHODE ISLAND, PUBLIC SCHOOL DISTRICT**<br><br>**Defendants.** | **Civil Action No. 1:25-cv-466-MSM-PAS** |

**STIPULATION AND ORDER REGARDING PRESERVATION AND PRODUCTION IN DISCOVERY**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff, United States of America, and Defendants, Rhode Island Department of Education and Providence, Rhode Island, Public School District (each a "Party" and collectively, the "Parties") have entered into this Stipulation to reduce the time, expense, and other burdens of preservation, disclosure, and discovery of documents, things, and electronically stored information ("ESI"; together, documents, things, and ESI are referred to as "documents"), and to govern discovery obligations in this action, and request that the Court enter it as an Order.

It is hereby STIPULATED and ORDERED:

# I. PRESERVATION AND PRODUCTION OF DOCUMENTS

## A. Preservation

1. The parties agree that by preserving documents for the purpose of this litigation, they are not conceding that such material is discoverable, nor are they waiving any claim of privilege.
2. This Stipulation and Order does not modify any Party's obligation to maintain and preserve documents where otherwise required by law, pursuant to a court order or administrative order, or in response to other anticipated litigation.

## B. Limitations on Obligation to Preserve and Produce

1. Subject to § I.A.2, for purposes of this action, the Parties agree to limit the scope of preservation as described in this section.
2. The Parties agree that they do not need to take specific, affirmative steps to preserve for purposes of this litigation the following categories of ESI:
    a. Delivery or read receipts of email;
    b. Logs or other data from videoconferencing (*e.g.*, Zoom, Skype, WebEx, Teams) or instant messaging (*e.g.*, Teams, Google Chat, Slack) tools involving:
        i. Attorneys for the United States (and their staff, including any contractors), and/or
        ii. Attorneys for Defendants (and their staff, including any contractors);
    c. Temporary or cache files, including internet history, web browser cache, and cookie files, wherever located;
    d. Internally facing server system logs;

e. Externally facing or hosted file sharing system logs;

f. System data from photocopiers or fax machines;

g. Auto-saved copies of electronic documents;

h. Random access memory ("RAM"), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

i. Logs of or other data from audio calls (*e.g.*, from landline phones, mobile devices, and Voice Over Internet Protocol) made to or from:

   i. Attorneys for the United States (and their staff, including any contractors), and/or

   ii. Attorneys for Defendants (and their staff, including any contractors);

j. Voicemail messages on the voicemail systems of:

   i. Attorneys for the United States (and their staff, including any contractors), and/or

   ii. Attorneys for Defendants (and their staff, including any contractors);

k. Documents, including internal communications, drafts, versions, and collaboration on case-related work, created by, and, if shared with any other(s), exchanged solely among:

   i. Attorneys for the United States and their staff, including any contractors; and

   ii. Attorneys for Defendants (and their staff, including any contractors).

3. The Parties agree not to seek discovery of documents listed in § I.B.2.a-2.k above. As provided in § I.D below, the Parties do not need to list such items on a privilege log

prepared and served pursuant to Fed. R. Civ. P. 26(b)(5) in connection with discovery in this case.

4. When duplicate copies[1] of relevant ESI exist in more than one location, this Order does not require a Party to preserve all duplicate copies provided that the ESI, including metadata, is preserved in a location reasonably accessible to the Party.

5. ESI on backup tapes, continuity of operations or disaster recovery systems, data or system mirrors or shadows, and other systems that are used primarily for the purpose of system recovery or information restoration and are not reasonably accessible ("Backup Systems") need not be preserved *unless* a Party knows that relevant ESI exists *only* on a Backup System, in which case the Party will take reasonable steps to preserve the relevant ESI on the Backup System until the Parties can agree on how and to what extent the ESI will be preserved and/or produced.

6. For purposes of preservation and production in this action, "United States" means the Civil Rights Division of the United States Department of Justice.

**C. Identification and Production of Documents**

**1. <u>ESI Disclosures</u>**

a. Within 60 days of the entry of this Order, each Party shall disclose:

i. **Databases containing relevant ESI**: A list of databases likely to contain discoverable information that are within the Party's possession, custody, or control, and data dictionaries for those databases.

[1] "Duplicate" copies in the context of ESI are those with matching hash values (*e.g.*, MD-5 or SHA1).

ii. **Third-party data sources**: A list of third-party data sources, if any, likely to contain discoverable custodial or non-custodial ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage, databases) and, for each source, the extent to which a Party is (or is not) able to preserve information stored in each third-party data source.

2. **<u>Identification of Documents</u>**

a. The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b. Use of Search Criteria, Technology Assisted Review (TAR), or Generative AI to identify ESI:

i. If any Party plans to employ **search criteria or terms** to identify responsive information, the producing Party will disclose to the receiving Party sufficiently in advance of conducting the search to allow for reasonable negotiation of: the proposed search terms, custodians, and date range(s); the sources of ESI proposed to be searched; the proposed software or technologies to search; proposed sampling, if any; and the proposed validation process; and

ii. If any Party plans to employ **technology-assisted review (TAR) or Generative AI** to identify responsive information, the producing Party will disclose their planned protocol or workflow (which must include a

defined process for validation) sufficiently in advance of initiating the review to allow for reasonable negotiation.

iii. Nothing in this paragraph or section obligates any Party to agree to perform an electronic search or to accept the results of an electronic search as a sufficient response to a discovery request.

3. **Production Format**

a. The Parties agree to produce documents in PDF, native[2] and/or paper formats, or a combination thereof, as appropriate. If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

b. The Parties agree to meet and confer in advance of a search, collection, and production, if and as requested by any Party. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

c. The Parties agree to produce documents received from third parties, *e.g.*, from Rule 45 subpoenas or information requests, in the form in which they are received. The Parties shall ensure these third-party documents are labeled with a unique source identifier either such as a Bates number or a Document ID for native files. If a party receives documents without a unique source identifier, the

[2] "Native form" means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified.

party will affix one pursuant to the production specifications herein. The Parties may, but are not required to unitize third-party documents prior to production.

d. Productions should be accompanied by a cover letter or email to memorialize the production and the production media must be clearly labeled or uploaded in a manner to indicate:

    i. The Party producing the documents;

    ii. The date of the production;

    iii. The contents of the production, such as a document identifier range.

e. If a Party needs to redact a portion of a document for which only a native file would be produced and the producing Party cannot redact the native file, the producing Party must initiate a meet and confer sufficiently in advance of the production deadline to allow for reasonable negotiation and the Parties shall meet and confer regarding production of the redacted document.

f. The Parties agree to remove all encryption and password protection for all ESI produced, or, in the alternative, the Parties agree to provide passwords or assistance needed to open encrypted files.

**D. Privilege**

1. If any discovery request appears to call for the production of documents covered by § I.B, the responding Party is not required to produce or identify such information on a privilege log. However, if a Party preserves relevant documents covered by § I.B to support a claim or defense in this action, the Party shall produce the documents.

2. Inadvertent Disclosure of Privileged Information (Rule 502(d))

a. The Parties agree that, pursuant to Fed. R. Evid. 502(d), disclosure of information contained within documents, things, and ESI that is protected by attorney-client privilege, work product protection, common interest privilege, and/or applicable governmental privileges (such as deliberative process) does not operate as a subject matter waiver in this case if:

   i. the disclosure is inadvertent;

   ii. the holder of the privilege or protection took reasonable steps to prevent disclosure; and

   iii. the holder promptly took reasonable steps to rectify the error.

b. If the producing Party inadvertently discloses information that it asserts is privileged or protected, it will notify the receiving party within 5 days of discovery of the disclosure and provide the details of the production media (*i.e.*, production date, method of production, name of file/disc/drive, etc.) and the Bates number(s) or Document ID (for native files) of all material that it believes contains the inadvertently disclosed information.

c. If a production contains information that the receiving Party believes is privileged or protected and was inadvertently produced, it will promptly notify the producing Party and provide the Bates number(s) or Document ID (for native files) of the item it believes was inadvertently produced. Within 14 days after receiving notification, the producing Party may make a written request for return of the material. If the producing Party does not send a written request for return of the material to the receiving Party within 14 days of notification, the producing Party

waives all claims of privilege or protection as to the material, but this still does not operate as a subject matter waiver.

d. When the receiving Party receives a written demand for return of the material, it will make reasonable, good faith efforts to promptly sequester, return or destroy all inadvertently produced material identified by the producing party. If copies of inadvertently produced materials are located or stored on the receiving Party's Backup System(s), those copies need not be affirmatively removed but, rather, the receiving Party may overwrite those copies according to its normal records management procedures.

e. If the receiving Party must destroy or delete production media (e.g., CD, DVD, thumb drive, or downloaded file(s)) in order to destroy or delete inadvertently produced material, the producing Party will provide a duplicate copy of the production or production media minus only the inadvertently produced material within 14 days of its written request for return of the material to the receiving Party.

f. If the receiving Party intends to challenge the claim of privilege or protection or the inadvertence of the production, it will keep one copy of the inadvertently produced material in a sealed envelope or a sequestered location while seeking a ruling from the Court. Nothing in this Stipulation prevents access by a receiving Party's information technology or security personnel from accessing, in the normal course of their work, systems or locations where inadvertently produced material is sequestered.

**E. Costs**

1. Each party shall bear the costs of identifying and producing its own documents, absent an agreement in writing regarding an alternative cost arrangement or a motion regarding same.

**II. MISCELLANEOUS**

A. The Parties shall take all reasonable steps to comply with the protocol set forth herein.

B. The Parties will make best efforts to amicably and reasonably resolve any issues related to preservation or production before seeking court intervention.

C. The terms of this Stipulation and Order are not exhaustive in that each Party may subsequently request to meet and confer to address any discovery matters not addressed herein, including form of production.

D. None of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party may respond to a discovery request unless by mutual written agreement.

E. This Stipulation may be executed in counterparts.

Mary S. McElroy

The Honorable Mary S. McElroy
United States District Judge

STIPULATED BY THE PARTIES:

FOR UNITED STATES:

*/s/Robert L. Galbreath*
Robert Galbreath, Esq. D.C. Bar # 460389
Senior Trial Attorney
Employment Litigation Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street, N.E., Suite 9.1140
Washington, D.C. 20530

FOR RHODE ISLAND DEPARTMENT OF EDUCATION:

*/s/ Natalya A. Buckler*
Natalya A. Buckler, Esq. #8415
Assistant Attorney General
Office of the R.I. Attorney General
150 South Main Street
Providence, R.I. 02906

FOR PROVIDENCE PUBLIC SCHOOL DISTRICT:

*/s/Deidre E. Carreno*
Deidre E. Carreno, Esq. #7620
Charles Ruggerio, Esq. #7620
Henneous Carroll Lombardo, LLC
One Citizens Plaza, 10th Floor
Providence, RI 02903

CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system which will automatically send a notice to all counsel of record.

*/s/Robert L. Galbreath*
Robert L. Galbreath (DC Bar No. 460389)
*Attorney for Plaintiff United States*